UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ALFRED TENTE;
CAROL TENTE;
 *Plaintiffs*,

v.               C.A. No.:

                 JURY DEMAND

SABASTIAN PORTER;
REXEL USA, INC.;
 *Defendants*.

# COMPLAINT

## PARTIES

1. Plaintiff ALFRED TENTE is a citizen and resident of the city of East Providence, the State of Rhode Island.

2. Plaintiff CAROL TENTE is a citizen and resident of the city of East Providence, the State of Rhode Island.

3. Defendant, SABASTIAN L. PORTER (hereafter "Porter") is a resident of the State of Massachusetts. At all material times, Defendant Sabastian L. Porter was an agent, servant and/or employee of Defendant Rexel USA, Inc. (hereafter "Rexel").

4. Defendant, REXEL is a company organized and existing under the laws of Texas with its principle place of business at 14951 Dallas Parkway Dallas, TX 75254. At all material times, Defendant Rexel leased, owned, insured, controlled and maintained the 2017 Freightliner M2 Moving Truck driven by Defendant Porter on April 24, 2018.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

6. This Court has personal jurisdiction over Defendant Porter as Defendant Porter was operating a motor vehicle in the State of Rhode Island at the time of this collision and otherwise had sufficient minimum contacts with the State of Rhode Island.

7. This Court has personal jurisdiction over the Defendant Rexel as Defendant Rexel transacted business and made direct contacts in Rhode Island through its retail store located in Warwick, Rhode Island, by operating a motor vehicle in the state of Rhode Island and otherwise has sufficient minimum contacts with the State of Rhode Island.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims at issue arose in this jurisdiction.

## FACTS

9. On April 24, 2018, Defendant Porter was driving on Thayer St. in Providence, RI in a commercial moving truck leased, owned and controlled by Defendant Rexel.

10. Defendant Porter negligently and recklessly crashed into Mr. Tente, a pedestrian, with Defendant Rexel's commercial moving truck while making a left turn from Thayer St. onto Power St.

11. At all times herein mentioned, Plaintiff Alfred Tente was exercising due care and caution for his safety and the safety of others.

12. As a result of the collision, Mr. Tente sustained severe bodily injuries, including but not limited to traumatic brain injuries and the sequela from those brain injuries.

## COUNT I - SABASTIAN PORTER
## NEGLIGENCE

13.   Paragraphs 1 - 12 are incorporated by reference as if fully set forth herein.

14.   At all times relevant, Defendant Porter had a duty to act reasonably and prudently while operating Defendant Rexel's truck.

15.   Nevertheless, Defendant Porter disregarded his duty as aforesaid in that he:

   a. negligently and recklessly crashed into Mr. Tente on April 24, 2018;

   b. negligently failed to observe pedestrian traffic while operating Defendant Rexel's truck on April 24, 2018;

   c. negligently failed to keep proper lookout while operating Defendant Rexel's truck;

   d. negligently failed to reduce the speed of Defendant Rexel's truck to avoid a collision;

   e. negligently failed to yield the right of way to pedestrians;

   f. negligently failed to keep control of Defendant Rexel's truck to avoid colliding with pedestrians; and

   g. was otherwise negligent.

16.   As a direct and proximate result of the Defendant Porter's negligence, Plaintiff Alfred Tente suffered severe and permanent injuries to his mind and body, including traumatic brain injuries and hearing loss. Mr. Tente has endured and will in the future endure extreme mental and physical pain, suffering and emotional distress. He has and will in the future be unable to perform his usual activities, and will suffer loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

17. By reason of the foregoing, Plaintiff, has incurred and will in the future incur the need for and resulting expenses for medical treatment, medicines, hospitalizations, therapy, and other similar treatments.

18. By reason of the foregoing, Plaintiff Carol Tente has been deprived of the comfort, guidance, services, companionship, society and consortium of her husband, Alfred Tente and was otherwise damaged.

WHEREFORE, Plaintiffs Alfred Tente and Carol Tente demand judgment against Defendant Sabastian Porter in an amount exceeding $75,000 to establish the jurisdiction of this District Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

## COUNT II - REXEL USA, INC
## RESPONDEAT SUPERIOR

19. Count I is hereby incorporated by reference as if set forth fully at length herein.

20. At all times relevant, Defendant Porter was acting within the scope of his agency and/or employment with Defendant Rexel.

21. As a direct and proximate result of Defendant Rexel's employee's negligent conduct, Plaintiff Alfred Tente suffered severe and permanent injuries to his mind and body, including traumatic brain injuries and hearing loss. Mr. Tente has endured and will in the future endure extreme mental and physical pain, suffering and emotional distress. He has and will in the future be unable to perform his usual activities, and will suffer loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

22.     By reason of the foregoing, Plaintiff, has incurred and will in the future incur the need for and resulting expenses for medical treatment, medicines, hospitalizations, therapy, and other similar treatments.

23.     By reason of the foregoing, Plaintiff Carol Tente has been deprived of the comfort, guidance, services, companionship, society and consortium of her husband, Alfred Tente and was otherwise damaged.

WHEREFORE, Plaintiffs Alfred Tente and Carol Tente demand judgment against Defendant Rexel USA Inc in an amount exceeding $75,000 to establish the jurisdiction of this District Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

## COUNT III – REXEL USA INC
## NEGLIGENT HIRING AND SUPERVISION

24.     Paragraphs 1-12 are hereby incorporated by reference as if set forth fully at length herein.

25.     At all times relevant, Defendant Rexel, by and through its agents, servants and/or employees, hired, directed, supervised, trained and controlled Defendant Porter in his employment with Defendant Rexel.

26.     At all times relevant, Defendant Rexel had a duty and obligation to use reasonable care to hire competent employees, including Defendant Porter, to conduct a reasonable investigation of new employees at the time of hiring and to only assign its employees to tasks or jobs to which they were competent and/or qualified, including but not limited to operating motor vehicles and trucks.

27.     At all times relevant, Defendant Rexel had a duty and obligation to properly train, supervise and control its agents, servants and/or employees, including Defendant Porter, and to

refrain from retaining unfit employees to perform work on behalf of the company, including but not limited to employees Rexel knew would be operating motor vehicles and trucks.

28. Defendant Rexel, by and through its agents, servants and/or employees breached its duties as aforementioned and negligently hired, directed, supervised, trained and controlled Defendant Porter, including but not limited to allowing Defendant Porter to operate the truck at issue in this case.

29. As a direct and proximate result of the Defendant Rexel's negligence, Plaintiff Alfred Tente suffered severe and permanent injuries to his mind and body, including traumatic brain injuries and hearing loss. Mr. Tente has endured and will in the future endure extreme mental and physical pain, suffering and emotional distress. He has and will in the future be unable to perform his usual activities, and will suffer loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

30. By reason of the foregoing, Plaintiff, has incurred and will in the future incur the need for and resulting expenses for medical treatment, medicines, hospitalizations, therapy, and other similar treatments.

31. By reason of the foregoing, Plaintiff Carol Tente has been deprived of the comfort, guidance, services, companionship, society and consortium of her husband, Alfred Tente and was otherwise damaged.

WHEREFORE, Plaintiffs Alfred Tente and Carol Tente demand judgment against Defendant Rexel USA Inc. in an amount exceeding $75,000 to establish the jurisdiction of this District Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

## PRAYER FOR RELIEF

Paragraphs 1 – 31 are incorporated by reference as if fully set forth herein.

Plaintiffs request the following relief:

32. Compensatory damages in an amount exceeding $75,000 plus interest and costs

33. Such other relief as the Court deems appropriate.

>
> Plaintiffs,
> By their attorney,
>
> *(signature)*
>
> Mark S. Mandell, Esq. (#0502)
> Zachary M. Mandell, Esq. (#8616)
> MANDELL, BOISCLAIR & MANDELL
> One Park Row
> Providence, RI 02903
> (401) 273-8330
> (401) 751-7830 – Fax
> zmandell@mbmjustice.com

Dated: April 10, 2019

**Plaintiffs hereby demand Trial by Jury**